UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELVIN LONG,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>LAS VEGAS VALLEY WATER DISTRICT, et al.,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:15-CV-210 JCM (VCF)<br><br>ORDER |

　　　　Presently before the court is a motion to dismiss filed by defendant Las Vegas Valley Water District ("LVVWD"). (Doc. # 8). Plaintiff Melvin Long ("Long") filed a response in opposition (doc. # 15), and defendant filed his reply, (doc. # 19).

**I.    Background**

　　　　In this case, plaintiff was employed by defendant from July of 2006 until June of 2014, (doc. # 8 at 1), when he was dismissed as part of a Reduction in Force ("RIF"). (Doc. # 8 at 2). Plaintiff alleges that he was wrongfully terminated due to his age, which was 58 at the time, (doc. # 8 at 2), and in retaliation for participating in a protected activity by giving testimony in an investigation of a supervisor's discriminatory conduct. (Doc. # 15 at 2).

　　　　Long filed a claim with the Equal Employment Opportunity Commission ("EEOC") in October of 2014, stating that he was laid off because of his age. (Doc. # 8-1 at 2). He was issued a right-to-sue letter on November 12, 2014. (Doc. # 8 at 2).

　　　　On February 5, 2015, Long filed a complaint alleging eight claims for relief: (1) discrimination in violation of N.R.S. 613.330; (2) discrimination in violation of 42 U.S.C. § 2000e-3(a) (Title VII); (3) intentional infliction of emotional distress; (4) negligent infliction of emotional

**James C. Mahan**
**U.S. District Judge**

distress; (5) violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, et seq.; (6) breach of contract; (7) breach of covenant of good faith and fair dealing; and (8) vicarious liability. (Doc. # 1).

Defendant's motion seeks dismissal of six of Long's causes of action, arguing that some are legally deficient and others lack sufficient factual allegations to state a claim upon which relief can be granted. (Doc. # 8).

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotations omitted). When the allegations in a complaint have not

**James C. Mahan**
**U.S. District Judge**

crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.   Discussion

Defendant LVVWD seeks dismissal of six claims in Long's complaint. The merits of each claim are addressed in turn.

### A.   Retaliation in violation of 42 U.S.C. § 2000e-3(a)

An employee seeking relief under Title VII must exhaust his administrative remedies prior to bringing suit. *See* 42 U.S.C. § 2000e-5 ("If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission . . . [the Commission] shall notify the person aggrieved and . . . a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved by the alleged unlawful employment practice."); *Vinieratos v. U.S., Dep't of Air Force Through Aldridge*, 939 F.2d 762, 767–68 (9th Cir. 1991) *(citing Brown v. General Servs. Admin.,* 425 U.S. 820, 832, 96 S.Ct. at 1961, 1965 (1976)). When an employee fails to exhaust his administrative remedies under Title VII, the district court lacks jurisdiction. *Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir. 1986).

Finally, "[f]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 386, 102 S. Ct. 1127, 1129, 71 L. Ed. 2d 234 (1982).

Defendant first requests that the court dismiss plaintiff's second cause of action for retaliation in violation of 42. U.S.C. § 2000e-3(a) because he has failed to exhaust his

James C. Mahan
U.S. District Judge

administrative remedies as to this claim. (Doc. # 8 at 3). Specifically, defendant states that the plaintiff's charge of discrimination fails to allege "retaliation for participation in an investigation," nor did the plaintiff select the option for "retaliation" in his charge of discrimination to the EEOC. (*Id.*).

In response, plaintiff states that his "failure to check the pre-printed box for "retaliation" does [sic] not warrant dismissal of his Title VII claim." (Doc. # 15 at 6). Plaintiff further argues that this issue is not ripe for dismissal because "whether retaliation should have been included in a reasonable investigation of Long's EEOC charge is not an issue that may be decided" during this motion to dismiss. *Williams v. Packaging Corporation of America*, 2007 WL 1482383, at *3 (M.D. Ga. 2007) (holding that it could not ascertan whether certain allegations would have be included in an investigation of the plaintiff's EEOC charge).

Title VII prohibits an employer from discriminating against an employee "because he has opposed any practice [prohibited] by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).

To bring a claim for retaliation in violation of Title VII, a plaintiff must prove "(1) that he engaged in a protected activity, (2) that he suffered an adverse employment decision, and (3) that there was a causal link between plaintiff's activity and the employment decision." *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002) (*citing Hashimoto v. Dalton,* 118 F.3d 671, 679 (9th Cir. 1997)).

"The specific claims made in district court ordinarily must [first] be presented to the EEOC." *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (*citing Albano v. Schering–Plough Corp.,* 912 F.2d 384, 385 (9th Cir.1990)). "However, the district court has jurisdiction over any charges of discrimination that are "like or reasonably related to" the allegations made before the EEOC, as well as charges that are within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong*, 347 F.3d at 1122 (*citing Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990)).

James C. Mahan
U.S. District Judge

- 4 -

When considering whether plaintiff has sufficiently exhausted his administrative remedies, while it is true that "[a] court should look not just to a checked box," *Norton v. PHC-Elko, Inc.*, 46 F. Supp. 3d 1079, 1090 (D. Nev. 2014), the court must also consider whether the charges are "within the scope of an EEOC investigation that reasonably could be expected to grow out of the allegations." *Leong*, 347 F.3d at 1122 (*citing Sosa v. Hiraoka,* 920 F.2d 1451, 1456 (9th Cir. 1990)). For example, in *Green v. Los Angeles Cnty. Superintendent of Sch.*, the Ninth Circuit noted that an investigation of plaintiff's EEOC charge regarding race and sexual discrimination while employed "would not encompass her subsequent claims that she was . . . ultimately discharged because of her race and sex." 883 F.2d 1472, 1476 (9th Cir. 1989).

Here, plaintiff's charge of discrimination with the EEOC stated that he believed he was terminated because of his age, and that the reason given for his termination was a reduction in force. (Doc. # 8-1 at 2). Specifically, plaintiff's charge alleges that other older workers were laid off at the same time as him, he believes he was discriminated against because of his age, and that "others as a class have been subjected to age discrimination." (*Id.*) The charge of discrimination makes no mention of Long's participation in a protected activity, nor does it mention that he suffered from discriminatory or retaliatory behavior as a result of his participation in an investigation against his supervisor.

As with the plaintiff in *Green*, the EEOC investigation of Long's allegations of unlawful termination on the basis of age "would not encompass [his] subsequent claims" of retaliation for engaging in a protected activity while employed. 883 F.2d at 1476. Therefore, it does not appear that plaintiff's claim for retaliation could reasonably be expected to grow out of the EEOC's investigation of Long's claims. Accordingly, the court dismisses plaintiff's second claim for relief on these grounds.

**B.     Intentional infliction of emotional distress**

Defendant argues that Long's claim for intentional infliction of emotional distress should be dismissed pursuant to rule 12(b)(6) because he fails to make specific allegations in his complaint which would support his claim that he suffered severe emotional distress. (Doc. # 8 at 5).

**James C. Mahan**
**U.S. District Judge**

- 5 -

In response, plaintiff asserts that "his supervisors took unjustified disciplinary actions against him and degraded him in front of other employees and customers," (doc. # 15 at 8), and that his supervisors "also subjected him [sic] discrimination by ensure[ing] [sic] that he was not offered opportunities for advancement that were offered to Long's colleagues." (*Id.*)

To establish a valid claim for intentional infliction of emotional distress under Nevada law, a plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant; (2) intent to cause emotional distress or reckless disregard for causing emotional distress; (3) that the plaintiff actually suffered extreme or severe emotional distress; and (4) causation." *Miller v. Jones*, 970 P.2d 571, 577 (Nev. 1998).

Under Nevada law, extreme and outrageous conduct is that which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized society." *Welder v. Univ. of So. Nevada*, 833 F. Supp. 2d 1240, 1245 (D. Nev. 2011). "Termination of employees, even in the context of a discriminatory policy, does not in itself amount to extreme and outrageous conduct actionable under intentional infliction of emotional distress." *Id.* at 1245–46 (*citing Alam v. Reno Hilton Corp.,* 819 F.Supp. 905, 911 (D. Nev. 1993)).

Plaintiff's complaint alleges that defendant "acted extremely and outrageously, intending to, and in fact causing, Plaintiff to suffer severe emotional distress" and that the defendant acted "intentionally, maliciously, and with an intent to injure" plaintiff. (Doc. # 1 at 8). Plaintiff states that defendant allowed its employees to "discriminate and engage in retaliatory behavior" against him, (*id.* at 6), that defendant discriminated against him with respect to his age, and also "by allowing persistent and pervasive harassment and/or discrimination to occur in the work place." (*Id.* at 5).

The court finds that plaintiff has not adequately pled a claim of intentional infliction of emotional distress. While all well-pled claims are assumed true, this assumption does not carry over to legal conclusions. *Iqbal*, 556 U.S. at 678. Plaintiff's complaint does not contain detailed allegations sufficient to support an intentional infliction of emotional distress claim. Therefore, defendant's motion to dismiss is granted as to plaintiff's third claim.

**James C. Mahan**
**U.S. District Judge**

### C. Negligent infliction of emotional distress

Defendant further asserts that Long's claim for negligent infliction of emotional distress must be dismissed because he has failed to allege facts sufficient to prove actual physical injury. (Doc. # 8 at 5). Plaintiff responds that his claim for NIED is "closely related to his claim for IIED" and additionally alleges that "[LVVWD]'s actions . . . physically manifested themselves." (Doc. # 15 at 8).

Both witnesses and victims may recover damages under a claim of negligent infliction of emotional distress. *Shoen v. Amerco, Inc.*, 111 Nev. 735, 748, 896 P.2d 469, 477 (1995). The Nevada Supreme Court has recognized a tort for negligent infliction of emotional distress in the wrongful employment termination context. *State v. Eighth Judicial Dist. Court ex rel. Cnty. of Clark*, 118 Nev. 140, 152, 42 P.3d 233, 241 (2002). *See also Shoen,* 111 Nev. at 748, 896 P.2d at 477. However, "in cases where emotional distress damages are not secondary to physical injuries . . . either a physical impact must have occurred or . . . proof of "serious emotional distress" causing physical injury or illness must be presented." *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 448, 956 P.2d 1382, 1387 (1998).

However, for "bare claims of intentional or negligent infliction of emotional distress," as is present here, there must be evidence of a physical manifestation of symptoms in order to recover damages for negligent infliction of emotional distress. *Id. See, e.g. Chowdhry v. NLVH, Inc.*, 109 Nev. 478, 482–83, 851 P.2d 459, 462 (1993) (holding that claims of "[i]nsomnia and general physical or emotional discomfort are insufficient to satisfy the physical impact requirement").

Plaintiff's complaint alleges that he was subjected to "unbearable working conditions" and stated that "[d]efendant's actions actually and proximately injured [p]laintiff, and the resulting injuries physically manifested themselves," (doc. # 1 at 8) without presenting any evidence of physical injury or illness. Moreover, as previously stated herein, plaintiff has failed to demonstrate extreme or outrageous conduct sufficient to support a claim for infliction of emotional distress. Therefore, defendant's motion to dismiss is granted as to plaintiff's fourth claim for relief.

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

### D. Breach of contract

Defendant asks the court to dismiss plaintiff's claim for relief for breach of contract because Long is presumed to be an at-will employee, and plaintiff failed to overcome this presumption by "establish[ing] that he had an express or implied contract that provided for termination only for cause." (Doc. # 8 at 6).

In response, Plaintiff states that "he was repeatedly promised by LVVWD that he would have job security for life." (Doc. # 15 at 8). Plaintiff's complaint alleges that he "was promised over the course of his employment that his job was safe until he retired," (doc. # 1 at 3), and that "LVVWD made multiple representations . . . that he was ensured job security." (*Id.*). Plaintiff further states that he "was promised jobs for life when he was hired" and that he relied on LVVWD's representations of lifetime employment by "turn[ing] down other employment opportunities because of the assurances made to him." (*Id.* at 10).

A plaintiff bringing a claim for breach of contract under Nevada law must prove: "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (*citing Richardson v. Jones,* 1 Nev. 405, 405 (Nev. 1865)).

All Nevada employees "are presumed to be at-will employees," but an employee may rebut this presumption by proving the existence of "an express or implied contract between his employer and himself that his employer would fire him only for cause." *Am. Bank Stationery v. Farmer*, 106 Nev. 698, 701, 799 P.2d 1100, 1101–02 (1990). *See also Bally's Employees' Credit Union v. Wallen*, 105 Nev. 553, 779 P.2d 956, 957 (1989). Additionally, "an employer may bind itself to a term of lifetime employment if the parties expressly so agree, and consideration is given therefor." *Cundiff v. Dollar Loan Ctr. LLC*, 726 F. Supp. 2d 1232, 1237 (D. Nev. 2010). *See also Shoen*, 111 Nev. at 740–41, 896 P.2d at 472–73.

Plaintiff's factual allegation that he "was promised jobs for life when he was hired," (doc. # 1 at 10), if true, could support an implied contract which could overcome the presumption of at-will employment. *Am. Bank Stationary*, 106 Nev. at 701, 799 P.2d at 1101–02. Furthermore, plaintiff's statement that he "turned down other employment opportunities," (doc. # 1 at 10), if

true, could constitute consideration for an express agreement for LVVWD to provide him with lifetime employment. *Cundiff*, 726 F. Supp. 2d at 1237.

A "contract of continued employment" is "for an indefinite period of time and may be terminated only for cause." *D'Angelo v. Gardner*, 107 Nev. 704, 712, 819 P.2d 206, 211 (1991). Verbal contracts for an indefinite period of time are not precluded by Nevada's statute of frauds, N.R.S. § 111.220(1), because they are capable of being fully performed within one year. *Atwell v. Sw. Sec.*, 107 Nev. 820, 824-25, 820 P.2d 766, 769 (1991). *See also Branch Banking & Trust Co. v. Eloy Bus. Park, LLC*, No. 2:12-CV-01679-LRH, 2014 WL 1304649, at *2 (D. Nev. Mar. 31, 2014). Here, plaintiff's statement that he "was promised jobs for life when he was hired," (doc. # 1 at 10), could have been fully performed within one year as plaintiff's life could have ended within one year of being hired by LVVWD. *See Atwell*, 107 Nev. at 824-25, 820 P.2d at 769. *See also* RESTATEMENT (SECOND) OF CONTRACTS § 130 illus. 2 (1981) ("A orally promises to work for B, and B promises to employ A during A's life at a stated salary. The promises are not within the one-year provision of the Statute, since A's life may terminate within a year.")

Therefore, plaintiff has pled factual allegations sufficient to state a claim for breach of contract. Accordingly, defendant's motion to dismiss is denied as to plaintiff's sixth claim for relief.

### E.     Breach of covenant of good faith and fair dealing

Defendant further urges the court to dismiss plaintiff's claim for relief for breach of covenant of good faith and fair dealing because plaintiff has failed to assert an enforceable contract along with additional requirements, including a special relationship and conduct "well beyond the bounds of ordinary liability for breach of contract." (Doc. # 8 at 7). Plaintiff responds that he was "the subject of intentional discrimination by LVVWD in violation of its contractual duties," (doc. # 15 at 10), because LVVWD intentionally violated the "intention and spirit of [its] contract" with him, *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232, 808 P.2d 919, 922–23 (1991), by terminating his employment "despite assurances that he would have a job for life." (Doc. # 1 at 5).

James C. Mahan
U.S. District Judge

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts § 205 (1981). As the court has found that plaintiff's statements, if true, could support the existence of a contract which overcomes the presumption of at-will employment, plaintiff's claim for contractual breach of the covenant of good faith and fair dealing must also survive dismissal. Plaintiff's complaint alleges that defendant, "as part of [its] contractual duties" owed him a duty of good faith and fair dealing which was breached when "[defendant] terminated [him] in bad faith because of his age." (Doc. # 1 at 11).

In addition to contract damages, tort damages for a breach of the covenant of good faith and fair dealing may be allowed in instances of bad faith discharge where there is a special relationship between the parties and the employer's conduct goes "'well beyond the bounds of ordinary liability for breach of contract.'" *Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 929, 899 P.2d 551, 555 (1995) (*quoting K Mart Corp v. Ponsock*, 103 Nev. 39, 48–49 732 P.2d 1364, 1370 (1987)). However, a claim for tortious breach of the covenant of good faith and fair dealing requires more than the breach of an employment contract; there must also be evidence of a "special relationship in which special reliance, trust and dependency is part." *Alam*, 819 F. Supp. at 910–11 (*citing K Mart Corp*, 103 Nev. at 51 732 P.2d at 1372). Although this "special relationship" does not typically arise in the context of an employer-employee relationship, such a relationship may arise where the "skewed balance of power between the parties and the heavy reliance . . . by one party on the other" exists. *Alam*, 819 F. Supp. at 910.

In *K Mart*, the court found that a special relationship existed where an employee "specially rel[ied]" on his employer's promise of "extended employment and subsequent retirement benefits" and the employer fired the employee in order to avoid providing the employee with retirement benefits. 103 Nev. at 51, 732 P.2d at 1370, 72. Similarly here, Long states that he relied on LVVWD's promises of job security until his retirement, (doc. # 1 at 3, 10), and specifically alleges that LVVWD terminated him "in an effort to prevent him from realizing his retirement benefits." (*Id.* at 3). Therefore, plaintiff has claimed sufficient factual allegations to establish the special

**James C. Mahan**
**U.S. District Judge**

- 10 -

relationship of reliance described in *K Mart*, and his claim for tortious breach of the covenant of good faith and fair dealing must survive the motion to dismiss.

Plaintiff has sufficiently pled facts which could give rise to both contractual and tortious breach of the covenant of good faith and fair dealing. Therefore, defendant's motion to dismiss is denied as to plaintiff's seventh claim for relief.

### F.   Vicarious liability

Defendant asks the court to dismiss Long's vicarious liability claim. (Doc. # 8 at 7). Vicarious liability "is a theory of liability, not an independent cause of action." *Okeke v. Biomat USA, Inc.,* 927 F.Supp.2d 1021, 1028 (D.Nev.2013) (granting motion to dismiss claim for vicarious liability on these grounds). *See also Mitschke v. Gosal Trucking, LDS*, 2014 WL 5307950, at *2 (D. Nev. Oct. 16, 2014) (same).

Defendant's understanding of vicarious liability is correct. While this theory may impose liability on a particular defendant, it is not an independent cause of action. If plaintiff intends to apply the theory of vicarious liability to his remaining causes of action, he should amend his complaint to reflect this within each individual claim plaintiff alleges is subject to vicarious liability. Accordingly, the court dismisses plaintiff's eighth claim for relief on these grounds.

### IV.   Conclusion

The court finds that plaintiff failed to exhaust his administrative remedies regarding his second claim for relief and therefore defendant's motion to dismiss will be granted as to that claim. The court further finds that plaintiff failed to support his third and fourth claims with sufficient factual allegations to meet the standard of rule 12(b)(6). Therefore, defendant's motion to dismiss is granted as to those claims. Additionally, the court finds that plaintiff's eighth claim for relief, vicarious liability, is not a cause of action and therefore defendant's motion to dismiss is granted as to that claim.

Finally, the court finds that plaintiff has sufficiently claimed factual allegations to support his sixth and seventh claims for relief. Accordingly, defendant's motion to dismiss is denied without prejudice as to those claims.

**James C. Mahan**
**U.S. District Judge**

- 11 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss (doc. # 8) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's second, third, fourth, and eights causes of action will be dismissed, without prejudice.  The motion to dismiss is granted as to all other claims against defendant.

DATED October 1, 2015.

_____
UNITED STATES DISTRICT JUDGE